734

Thomas A. Hill, of New York City, for plaintiff.

Samuel Luloff, of New York City (Edward L. Mueller, of New York City, of counsel), for defendant.

COXE, District Judge.

This is a suit for infringement of the Martz patent, No. 1,692,132, issued November 20, 1928, for a thread-supporting device, which has been assigned to and is now owned by the plaintiff. The claims in issue are Nos. 1, 2, 5, 6, and 7. The defenses are invalidity and noninfringement.

The patent recites that in the clothing-making industry and knitting arts, where large spools of thread are used, "it frequently occurs" that in the "unwinding of the thread it becomes caught beneath the spool and it is necessary for the operator to lift the spool and disentangle the thread." The main object of the invention is stated to be "to provide a construction in which the core of the spool is put under compression so that the outer edges of the body of thread are slightly compressed to prevent a thread from passing beneath the body of the spool of thread."

The specification and drawings show a thread stand, with a bowl-shaped metallic base, the upper surface of which is provided with a felt pad. There is a cavity in the center of the bowl, in which the lower end of a round vertical mandrel is secured; and this mandrel has at its upper end a screw thread to receive the internal threads of a nut after the spool of thread is mounted on the mandrel and seated on the felt pad. When the nut is tightened, the spool is forced downward on the base, and, as the thread becomes exhausted, adjustments

of the nut may be made to maintain pressure of the thread against the felt pad.

Claim 1 reads as follows: "1. A device of the character described comprising a base provided with a central cavity, a vertical mandrel disposed on the base within the cavity and arranged to support a spool of thread with the thread in engagement with the base and a compressing means arranged to cooperate with the mandrel to engage the core of the spool of thread and maintain a pressure of thread on the base."

The remaining claims in issue are more limited in their scope. Claim 2 speaks of the base as a "bowl," and requires the compressing means to be "on the mandrel at the upper end thereof." Claim 5 is still more limited, in that it describes the base as a "rigid base," and also includes the felt pad, which is referred to as a "compressible member." Claims 6 and 7 are even more restricted than claim 5.

The plaintiff offered no proof that the device of the patent had been put to practical use, or had enjoyed any commercial success; and it was conceded by counsel for the plaintiff that there was nothing basic about the alleged invention.

Martz's problem was to design a thread stand which would keep the thread from being caught under the body of the spool; and his solution was to use a bowl-shaped base covered with compressible material, and to apply pressure to the spool by means of a threaded nut at the top of the mandrel in order to hold the outer edges of the thread in close contact with the base. Maitland, No. 1,074,553 (1913), had the same problem, and he solved it in substantially the same way; he uses a "slightly dished or concaved" plate lined with "felt or other suitable fabric"; and his pressure is applied by a coiled spring holding the plate in tight engagement with the body of thread. All that distinguishes Maitland from Martz is that his spool is horizontal and not vertical, and he uses a coiled spring for his pressure instead of a threaded nut, as shown in the Martz patent. I do not think, though, that the mere fact that Maitland operates on a horizontal axis is of any importance, as the problem is essentially the same in both cases; and, clearly, it only involved mechanical skill to substitute for Maitland's coiled spring a threaded nut at the top of the mandrel. Indeed, this latter is quite conclusively shown in Streeter, No. 629,018 (1899), which has an adjustable rod for exerting a downward pressure on the spool. I am satisfied, therefore, that the patent fails to disclose invention.

There may be a decree holding claims 1, 2, 5, 6, and 7 of the Martz patent, No. 1,692,132, invalid for lack of invention, and dismissing the complaint, with costs.